IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BROCK TYLER BANNISTER,<br><br>  Plaintiff,<br><br>vs.<br><br>DAVID IGE, et al.,<br><br>  Defendants. | CIVIL NO. 20-00305 JAO-RT<br><br>ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS |

**ORDER DENYING PLAINTIFF'S APPLICATION TO
PROCEED IN FORMA PAUPERIS**

Before the Court is Plaintiff Brock Tyler Bannister's ("Plaintiff") Application to Proceed In Forma Pauperis ("IFP Application"), filed July 11, 2020.[1] A court may authorize the commencement or prosecution of any suit without prepayment of fees by a person who submits an affidavit that the person is unable to pay such fees. 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court

---

[1] Plaintiff did not sign the IFP Application, which alone justifies striking it. Fed. R. Civ. P. 11(a) ("Every pleading, written motion, and other paper must be signed . . . by a party personally if the party is unrepresented. . . . The court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention."). However, the Court elects to address the IFP Application because it fails on the merits.

costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. Du Pont De Nemours & Co., Inc.*, 335 U.S. 331, 339 (1948)).  Absolute destitution is not required to obtain benefits under the IFP statute, but "a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness and certainty.'"  *Id.* (citation omitted).

Plaintiff admits that he lacks financial hardship and refuses to provide any relevant financial information required by the IFP Application.  ECF No. 8 at 5 ("I have no interest in disclosing my finances at this time, and my inability to pay the filing fee is not due to financial hardship.").  Instead, he appears to argue that he is entitled to proceed IFP because he is unable to pay the filing fee due to the "unlawful quarantine" that precludes him from mailing the filing fee per court procedures.  *Id.*  The Court DENIES this baseless IFP Application.

Plaintiff is abusing a process designed for litigants who genuinely cannot afford to pay the filing fee.  IFP Applications are not to be used for situations where financially secure individuals[2] cannot figure out a means to submit the filing fee.  Nor can Plaintiff claim in good faith that the quarantine and the court's requirements are preventing him from timely submitting the filing fee.  Plaintiff

---

[2] Again, not only has Plaintiff admitted that he does not lack financial resources, the record confirms this.  Plaintiff and his family are here on vacation from South Carolina for 36 days and spent $10,508.68 on the vacation home they are renting.  Compl. at 1–2.

communicated with the clerk's office and was informed about the requirements for filing a lawsuit *before* traveling to Hawai'i on July 9, 2020.[3] Yet he now argues that he is "under mandatory quarantine, and mailing in the payment would require [him] to leave the property in order to (i) go to a bank to get a check, and (ii) mail the check to the court." ECF No. 10 at 1. The Court finds disingenuous any contention that Plaintiff lacks supplies and/or the means to mail a check. He could have mailed the requisite filing fee before he traveled or at a minimum brought checks with him. Presently feigning incapability based on a situation Plaintiff himself created undermines his arguments.

Because Plaintiff represents that it is impossible to mail his filing fee until he completes his quarantine, his deadline to submit the filing fee is **July 27, 2020**. However, the Court again emphasizes that it will take no action on Plaintiff's Motion for Preliminary Injunction until he pays the filing fee <u>and</u> Defendants are served with the Complaint and summons, which are requirements imposed upon all litigants. Failure to timely pay the filing fee will result in the dismissal of this action.

---

[3] In fact, Plaintiff contemplated filing a lawsuit since June 30, 2020, at latest, as he emailed the Court complaining about the quarantine and its negative impact on his Hawai'i vacation.

IT IS SO ORDERED.

DATED:    Honolulu, Hawaiʻi, July 15, 2020.

Jill A. Otake
United States District Judge

CV 20-00305 JAO-RT; *Bannister v. Ige, et al.*; ORDER DENYING PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS