IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| BROCK TYLER BANNISTER,<br><br>Plaintiff,<br><br>vs.<br><br>DAVID IGE, et al.,<br><br>Defendants. | CIVIL NO. 20-00305 JAO-RT<br><br>ORDER GRANTING DEFENDANTS'<br>MOTION TO DISMISS |

**ORDER GRANTING DEFENDANTS' MOTION TO DISMISS**

Pro se Plaintiff Brock Tyler Bannister ("Plaintiff"), a South Carolina resident, challenges Defendant Governor David Ige's ("Defendant Ige") Emergency Proclamations regarding COVID-19 as unconstitutional under the Fourteenth Amendment to the Constitution. Defendants Ige and the State of Hawaiʻi ("the State") (collectively, "Defendants") move to dismiss the action under the Eleventh Amendment, as moot, and for failure to state a claim. For the following reasons, the Court GRANTS Defendants' Motion to Dismiss.

## BACKGROUND

As the parties and the Court are familiar with the background of this case, the Court includes only those facts necessary for the disposition of this Motion.

I.  Factual History

    A.  Bannister Family

Plaintiff and his family arrived in Honolulu on July 9, 2020 and were subject to the State's 14-day quarantine through July 23, 2020. Compl. at 2. Plaintiff vacationed at a rental home in Laie for 36 days, or until August 13, 2020, at a cost of $10,508.68. *Id.* He complains that the quarantine—of which he was aware before traveling here—caused him to lose 40% of his vacation time in Hawaiʻi. *Id.* According to Plaintiff, "[t]ime is a finite resource, and each minute that [he] and [his] family spend under a mandatory quarantine, which [he] believe[s] the law demonstrates to be unlawful, steals from [them] precious moments that [they] will never gain back and no amount of money can purchase." *Id.* at 6.

    B.  Emergency Proclamations

Since March 4, 2020—as COVID-19 appeared in Hawaiʻi—Defendant Ige issued an Emergency Proclamation and a series of Supplementary Proclamations imposing restrictions, including a 14-day quarantine applicable to all persons entering Hawaiʻi, with a few exceptions related to emergency and critical infrastructure functions and entry for passengers on recreational boats that have

been at sea for at least 14 consecutive days who are not exhibiting COVID-19 symptoms. *See* https://governor.hawaii.gov/emergency-proclamations/ (last visited Aug. 25, 2020).

On June 25, 2020, Defendant Ige announced the August 1, 2020 implementation of the trans-Pacific pre-testing program, which allows travelers to avoid quarantine by supplying a negative COVID-19 test obtained within 72 hours prior to arrival in Hawaiʻi. ECF No. 25-6 (Decl. of Bruce S. Anderson, Ph.D[1]) ¶ 8. Those with temperatures exceeding 100.4 or exhibiting other signs of infection will undergo secondary screening and be offered a COVID-19 test. *See id.* Due to uncontrolled outbreaks in the continental United States, an increase in Hawaii's cases, interruption to testing supplies, and an anticipated uptick in cases when schools reopen in August, Defendant Ige delayed the pre-testing program until September 1, 2020. *See* https://governor.hawaii.gov/newsroom/latest-news/office-of-the-governor-news-release-governor-ige-announces-pre-trav/ (last visited Aug. 25, 2020). On August 18, 2020, Defendant Ige again delayed the pre-testing

---

[1] This declaration, wherein Dr. Anderson outlined the State's efforts and strategy, may now be outdated. ECF No. 25-6 ¶ 7 (explaining that the State "worked to develop a multilayer risk mitigation strategy consisting of: a robust contact tracing program; thermal tracking of arriving travelers to identify those potentially infectious; a travel form and health questionnaire for all incoming travelers; and a pre-travel testing program").

program until at least October 1, 2020. *See* https://governor.hawaii.gov/ newsroom/latest-news/hawaii-covid-19-joint-information-center-daily-news-digest-august-18-2020/ (last visited Aug. 25, 2020).

II.   Procedural History

On July 10, 2020, Plaintiff commenced this action against Defendants, alleging that Defendant Ige's Emergency Proclamations violate his and his family's due process, equal protection, and liberty rights under the Fourteenth Amendment. Compl. at 3–5. Plaintiff requests an injunction preventing the enforcement of the quarantine for himself and his family, as well as $300.25 in damages for each day they are subject to quarantine and $25,000.00 in punitive damages. *Id.* at 6.

On July 13, 2020, Plaintiff filed a Motion for Preliminary Injunction, asking the Court to exempt him and his family from the 14-day quarantine. ECF No. 6. The Court denied the motion. ECF No. 27.

Defendants filed the present Motion on August 5, 2020. ECF No. 30. Plaintiff's deadline to respond expired August 19, 2020. ECF No. 31. To date, Plaintiff has not filed a response.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure ("FRCP") 12(b)(1), a district court must dismiss a complaint if it lacks subject matter jurisdiction to hear the claims

alleged in the complaint.² *See* Fed. R. Civ. P. 12(b)(1). A jurisdictional attack pursuant to FRCP 12(b)(1) may be facial or factual. *See Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004) (citation omitted). A facial attack challenges the sufficiency of the allegations contained in a complaint to invoke federal jurisdiction, while a factual attack "disputes the truth of the allegations that, by themselves, would otherwise invoke federal jurisdiction." *Id.*

## DISCUSSION

Defendants seek dismissal of this action on three grounds: (1) the Eleventh Amendment bars Plaintiff's claims against the State and his request for damages against Defendant Ige; (2) Plaintiff's claims for injunctive relief are moot; and (3) Plaintiff fails to state a claim for relief.

I.   Eleventh Amendment

Defendants contend that the Eleventh Amendment bars all claims against the State and bars Plaintiff's claims for damages against Defendant Ige. "The Eleventh Amendment shields unconsenting states from suits in federal court," *K.W.*

---

² *Sato v. Orange Cty. Dep't of Educ.*, 861 F.3d 923, 927 n.2 (9th Cir. 2017) ("A sovereign immunity defense is 'quasi-jurisdictional' in nature and may be raised in either a Rule 12(b)(1) or 12(b)(6) motion." (citations omitted)); *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000) (holding that mootness is properly raised in a motion to dismiss pursuant to FRCP 12(b)(1) because it pertains to a court's subject matter jurisdiction (citations omitted)).

*ex rel. D.W. v. Armstrong*, 789 F.3d 962, 974 (9th Cir. 2015) (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)), and bars individuals from bringing lawsuits against a state or an instrumentality of a state for monetary damages or other retrospective relief.  *See Ariz. Students' Ass'n v. Ariz. Bd. of Regents*, 824 F.3d 858, 865 (9th Cir. 2016).  Furthermore, it "applies regardless of the nature of relief sought and extends to state instrumentalities and agencies." *Krainski v. Nevada ex rel. Bd. of Regents of the Nev. Sys. of Higher Educ.*, 616 F.3d 963, 967 (9th Cir. 2010) (citing *Papasan v. Allain*, 478 U.S. 265, 276 (1986)). Suits against state officials in their official capacities are likewise barred because they constitute suits against the state itself.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

     Eleventh Amendment immunity is not absolute, however.  Congress may abrogate a state's immunity, or a state may waive immunity.  *See Clark v. California*, 123 F.3d 1267, 1269 (9th Cir. 1997).  Because Defendants have not consented to suit, they are entitled to Eleventh Amendment immunity and Plaintiff's claims for damages must be dismissed.

     Under the *Ex parte Young* exception to Eleventh Amendment immunity, "private individuals may sue state officials in federal court for *prospective* relief from ongoing violations of federal law, as opposed to money damages, without running afoul of the doctrine of sovereign immunity."  *Koala v. Khosla*, 931 F.3d

887, 895 (9th Cir. 2019) (citing *Va. Office for Prot. & Advocacy v. Stewart*, 563 U.S. 247, 254–55 (2011)). *Ex parte Young* is based on the proposition "that when a federal court commands a state official to do nothing more than refrain from violating federal law, he is not the State for sovereign-immunity purposes." *Va. Office for Prot. & Advocacy*, 563 U.S. at 255. It does not apply "when 'the state is the real substantial party in interest.'" *Id.* (citation omitted).

Accordingly, the Eleventh Amendment also bars Plaintiff from seeking prospective injunctive relief against the State. While Plaintiff may pursue claims against Defendant Ige for prospective injunctive relief from ongoing violations of his Fourteenth Amendment rights, such claims are moot for the reasons explained below.

II. <u>Claims for Prospective Injunctive Relief Are Moot</u>

Defendants argue that Plaintiff's claims for prospective injunctive relief against Defendant Ige are moot because Plaintiff completed his quarantine and there is nothing for the Court to enjoin. "Mootness [is] the doctrine of standing set in a time frame: The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003) (citation omitted). When a case is moot, a federal court has no jurisdiction to hear it. *See id.* (citation omitted).

Where, as here, Plaintiff can no longer obtain the injunctive relief he requests for his claims—exemption from a quarantine that concluded on July 23, 2020—those claims are "moot and must be dismissed for lack of jurisdiction." *Id.* (citation omitted). *See*, *e.g.*, *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 868 (9th Cir. 2017) ("[T]o avoid mootness with respect to a claim for declaratory relief on the ground that the relief sought will address an ongoing policy, the plaintiff must show that the policy 'has adversely affected and continues to affect a present interest.'" (citations omitted)); *Pride v. Correa*, 719 F.3d 1130, 1138 (9th Cir. 2013) ("When an inmate challenges prison conditions at a particular correctional facility, but has been transferred from the facility and has no reasonable expectation of returning, his claim is moot." (citation omitted)). Plaintiff does not allege that he continues to be affected by the quarantine or that he will be affected by it in the future.

Defendants also argue that this case does not fall within the mootness exception for claims that are "capable of repetition, yet evading review" because Plaintiff has not alleged any intention to return to Hawaiʻi after he departed on August 13, 2020. Such "exception applies when (1) the duration of the challenged action is too short to allow full litigation before it ceases, and (2) there is a reasonable expectation that the plaintiffs will be subjected to it again." *Feldman v. Bomar*, 518 F.3d 637, 644 (9th Cir. 2008) (citation omitted). The first element is

8

arguably satisfied by the quarantine's temporary nature.  The pre-testing program, which would have presented Plaintiff with an opportunity to avoid quarantine, was originally scheduled to commence on August 1, 2020, a mere twenty-two days after Plaintiff filed this lawsuit.[3]  But Plaintiff cannot satisfy the second element, as he has neither argued nor demonstrated that there is a reasonable expectation he will be subjected to the quarantine again.  He has not indicated that he intends to return to Hawaiʻi before October 1, 2020,[4] or ever.  Because Plaintiff's claims for prospective injunctive relief are moot, they are dismissed with prejudice.  There being no remaining claims, the Court need not address the sufficiency of Plaintiff's allegations.

---

[3] Plaintiff premised his equal protection claim in part on the availability of the pre-testing program to those arriving in Hawaiʻi shortly after him.  Compl. at 5.

[4] The trans-Pacific pre-testing program may not launch on October 1, 2020.  According to the August 18, 2020 Hawaii COVID-19 Joint Information Center Daily News Digest, Defendant Ige "announced a delay in the resumption of trans-Pacific travel and said it will be delayed from a Sept. 1 start to at least Oct.1, *at the earliest*."  *See* https://governor.hawaii.gov/newsroom/latest-news/hawaii-covid-19-joint-information-center-daily-news-digest-august-18-2020/ (last visited Aug. 25, 2020) (emphasis added).  The State has twice delayed the program's launch date and the COVID-19 problem has only escalated in recent weeks.  Indeed, present circumstances have necessitated the reinstatement of a stay-at-home, work-at-home order effective August 27, 2020.

## CONCLUSION

For the reasons stated herein, the Court HEREBY GRANTS Defendants' Motion to Dismiss.  ECF No. 30.  No claims remain and the Clerk's office is directed to close the case.

IT IS SO ORDERED.

DATED:  Honolulu, Hawai'i, August 25, 2020.



Jill A. Otake
United States District Judge

CIVIL NO. 20-00305 JAO-RT; *Bannister v. Ige, et al.*; ORDER GRANTING DEFENDANTS' MOTION TO DISMISS